Johnson, J.
The plaintiff below, Dixon, sought to enforce a vendor’s lien against Kirkpatrick, Ms vendee, and against Mrs. Hume, who purchased the land of Kirkpatrick.
In 1874, Dixon sold and conveyed 'the land in fee to Kirkpatrick, receiving in payment part cash, and the balance in a note due in three years, with no security other than the vendor’s lien. Before the maturity of this note, Kirkpatrick sold the land to Mrs. Hume for a valuable consideration, paid and agreed to be paid, and undertook to convey the same to her; but the deed failed to convey the legal title, for the reason that the officer who took the acknowledgment of the deed forgot to sign his name thereto. This omission was not discovered, as it seems, until this action was pending to enforce Dixon’s lien, when the officer, at the request of the attorney for Mrs. Hume,, signed his-name to the acknowledgment, and thus perfected the execution of the deed, as was originally intended by the contract of purchase.
Dixon asserts the priority of his lien over the title-acquired by Mrs. Hume, on two grounds:
1. He charges that she was not a bona fide purchaser -for value, and had not acquired a meritorious equity in the land.
2. But if she were such purchaser, she only acquired an1 equitable title, owing to the defect in the deed to her, and that the rule is, as between equities in land, that the. first in time will prevail.
Without passing upon the first point, the district court *68 adopted this rule, and held that, as the vendor’s lien was the I oldest equity, it must be regarded, for that reason only, superior, without regard to its relative merit.
That the failure of the officer to subscribe his name to the acknowledgment of the deed defeated the manifest intention of the parties, is clear from the statement of the case. That this defective deed only vested in Mrs. Hume an equitable interest in the land, with the right to have the defect cured, is equally clear. In such a case, where there is an equity in favor of the vendor to enforce his lien, and one in favor of the purchaser to have a deed in fee in pursuance of a contract of purchase, what is the principle that should guide a court of equity' in determining their priority ?
The defendant in error relies on the case of Hout v. Hout, 20 Ohio St. 119, to support the judgment of the district court.
In that case the vendee claimed under a deed of gift, based upon a meritorious consideration only, being love and affection, but the deed failed to convey the legal title, by the omission of the officer, as in the case at bar, to sign the acknowledgment.
A son of the grantor, for whom no provision was made, claimed a share in the land as his heir, while the grantees claimed an equity, by virtue of this defective deed, superior to the right of the son by inheritance. In the opinion it was assumed, that if the grantees had paid a valuable consideration, their equity would have been superior to the title by descent; but it was held, that the right of the heir, for whom no provision had been made by the father, was, at least, equal to that of the grantees under this deed of gift, and that, as against him and in favor of voluntary grantees, equity would not interfere.
The authority of the court, under section 28 of article 2 of the constitution, to cure such defects, upon such terms as will be just and equitable, is in the exercise of its equity powers.
Without the authority of the court, the equities of the vendor, whatever they were, could not be prejudiced by th.e act of the officer in signing this deed pending this litigation.
If his equity was superior to that of Mrs. Hume, under her *69 contract of purchase, and defective deed, it has not been defeated by the correction made since this suit was commenced.
Who has the superior equity, is a question addressed to the court, to be determined by the ordinary principles of equity jurisprudence, under all the circumstances of the case.
Where the equities are equal, the rule of law is adopted that the oldest in point of time will prevail; but it is a mistake to suppose that the age of an equity is of material significance when the relative character of equities are otherwise not equally meritorious. It is only where, all things considered, the conflicting equities are equally meritorious in quality, that the element of time becomes material.
Anketel v. Converse, 17 Ohio St. 11, much relied on to support this judgment, is in harmony with this principle. There the court examined the relative rights of a vendor for a purchase-money lien, and of a purchaser from the vendee, who had paid part of the purchase-money, under a contract of purchase.
It was said the equity of the vendor rested upon an implied trust that the vendee would hold the legal title in trust, to secure the unpaid purchase-money, and that of the purchaser, on a like trust that the vendee would hold the legal title in trust to be transferred to him, when, by the terms of the contract of purchase, he was entitled to receive it. It was said the vendee held it in trust for the vendor for the purchase-money due, while for the purchaser he held it for the money paid on the contract of purchase. The vendor trusted the vendee, that he would hold the legal title as security for the unpaid purchase-money, while the purchaser from the vendee, under a contract to convey in the future., trusted him to convey the legal title when he was entitled to receive it.
The reasoning of the court in that case was that the equities of the parties were of the same nature and dignity, and, being equally meritorious, the elder in time would prevail.
In such a case, equity adopts the maxim, cpd prior est tempore potior est jure.
But that case distinctly asserts the principle that a vendor’s *70 lien does not prevail against equities superior in merit though later in date.
Whether the conclusion reached upon the facts in that case is in harmony with this principle, we are not now called on to determine.
Rice v. Rice, 2 Drewrey, 73, is perhaps the leading case! upon this point. It was there held that an equitable mortgage, created by a deposit of title deeds, created a better equity than a prior vendor’s lien.
V. C. Kindersley, in delivering the opinion, criticises with great acuteness the loose expressions of the rule sometimes used, and reaches this conclusion, that, “ As between persons having only equitable interests, if their equities are in all other respects equal, priority of time gives the better equity.”
He says that the true meaning of this rule is that time, as a ground of priority, is to be last resorted to as between equities, and that a court of equity will not prefer one to another, on the mere ground of time, until it has been found, by an examination, that there is no other sufficient ground of preference, and if one has on other grounds a better equity than the other, time is immaterial. In examining the relative merits of opposing equities, no technical rule, nor one of partial application, should be applied; but the same broad principles of right and justice, peculiar to courts of equity, should guide the chancellor.'
It was said in that case, as it can be in the one at bar, that the vendor had voluntarily armed the vendee with the means of dealing with the estate as his own, and that if any wrong comes to him by reason of his breach .of trust, it is the result of his own imprudence.
Here Dixon voluntarily placed in the hands of Kirkpatrick the legal title. He clothed him with the power of sale. He was in a degree accessory to the act of selling to Mrs. Hume Instead of taking a mortgage and placing his lien upon record, so that all might know of it, it was kept secret.
Chief-Justice Marshall, with clear and concise language, thus characterizes a vendor’s lien with reference to its mérito *71 rious nature: “ To the world the vendee appears to hold the estate divested of any trust whatever; and credit is given to him in the confidence that the property is his own in equity as ..well as at law. A vendor relying upon this lien ought to reduce it to a mortgage, so as to give notice of it to the world. . If he does not, he is in some degree accessory to the fraud com-¡ mitted on the public by an act which exhibits the vendee as the complete owner of an estate on which he claims a secret lien. * * The lien of the vendor, if in the nature of a trust, is a secret trust; and although to be preferred to any subsequent equal equity, unconnected with a legal advantage, or equitable advantage, which gives a superior claim to the legal estate, will be postponed to a subsequent better equity.”
In Sugden on Yendors (682) eh. xix., § 32, the learned author says, text writers generally quote the rule that, as between persons having equitable interests, the first in time prevails; but says that the'rule is more accurately stated in the quotation we have made from Rice v. Rice, supra.
In Adams on Equity (148,160), it is said the rule qui potior in- tempore has no application if one is superior to the other.
“ If there be no legal right in either party, the court of chancery cannot be neutral, for it is the only tribunal competent to take cognizance of the dispute. In this ease it acts in analogy to the law, and gives priority to that title which most nearly approximates a legal title ” (160).
The conduct of Dixon in placing in the hands of his vendee the muniments of title, reserving to himself a secret lien for the unpaid purchase-money, is not in keeping with the intention of our recording acts, and as between him and one who has acted upon the faith that the vendee is the equitable as well as the legal owner, and has thus been induced to part with his money, the equities are not of equal merit.
Mrs. Hume’s purchase reposed no trust in Kirkpatrick. She was to have a conveyance in fee at the time. This intention' was defeated by the forgetfulness of the officer and by no fault of hers. Unlike the purchasers by contract in the Anketel *72 case, she did not trust her vendor that he would hold the legal title for her.
In view of these principles, and assuming that Mrs. Hume was a purchaser in good faith, we think the district court erred in holding that the vendor’s lien was superior to the ¡equity of Mrs. Hume, solely because it was older in point of time. The court should have taken into consideration all the circumstances, and determined which was the better equity. If upon such examination, the equity of Mrs. Hume, acquired by her purchase and defectively acknowledged deed, was superior in merit to that of the vendor, it should prevail, though junior in date ; but if inferior in merit, or if upon the whole case they are found to be of equal merit, then the elder should have the preference.

Judgment reversed and cause remanded.